UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WANDA BUSBY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-1025 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 9 |
| | : | | |
| CAPITAL ONE, N.A. *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION TO REMAND; DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO JOIN AN ADDITIONAL DEFENDANT

## I. INTRODUCTION

This matter comes before the court on the *pro se* plaintiff's motions to remand this case to the Superior Court for the District of Columbia and to join an additional defendant to the suit. Because the defendants have demonstrated that they properly removed this matter to the district court, the court denies the plaintiff's motion to remand. Furthermore, because the plaintiff's motion to join an additional defendant is improper at this juncture, the court denies the motion without prejudice.

## II. FACTUAL & PROCEDURAL BACKGROUND

On May 18, 2010, the plaintiff commenced this action in the Superior Court for the District of Columbia against Capital One, N.A. ("Capital One") and an attorney, David Prensky. *See generally* Compl. The plaintiff alleged that the defendants engaged in tortious conduct in connection with a promissory note and deed of trust executed by the plaintiff in 1996. *See generally id.* In her complaint, the plaintiff asserted a variety of causes of action against the

defendants based on District of Columbia law, including fraud, breach of fiduciary duty and conversion. Notice of Removal ¶ 1.

On June 9, 2010, the plaintiff amended her complaint to include additional claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* *See generally* Am. Compl.; Notice of Removal ¶ 4. On June 17, 2010, Capital One filed a notice of removal in this court, asserting that the district court has original jurisdiction based on the presence of a federal question and the diversity of the parties. Notice of Removal ¶¶ 10-12.

On July 16, 2010, the plaintiff moved to remand this case to the Superior Court and to join Chasen & Chasen, the law firm with which Prensky is associated, as a defendant in this action. *See generally* Pl.'s Mot. to Remand & Join Party ("Pl.'s Mot."). The defendants oppose both motions. *See generally* Capital One's Opp'n to Remand & Joinder ("Capital One's Opp'n"); Prensky's Opp'n to Remand; Prensky's Opp'n to Joinder. With the plaintiff's motions ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

### III. ANALYSIS

#### A. The Court Denies the Plaintiff's Motion to Remand

The plaintiff contends that this case was not properly removed from the Superior Court because (1) this court lacks subject matter jurisdiction over the plaintiff's claims, (2) the defendants did not provide timely written notice of removal to the plaintiff, and (3) defendant Prensky did not unambiguously consent to the removal of the action. *See generally* Pl.'s Mot.; Pls.' Reply. The court considers these contentions in turn.

### 1. The Court Has Subject Matter Jurisdiction Over the Plaintiff's Claims

The plaintiff argues that removal is improper because the court lacks subject matter jurisdiction over the plaintiff's claims. Pl.'s Mot. at 13-17; Pl.'s Reply at 13-20. The defendants maintain that the court has federal question jurisdiction over the plaintiff's RICO claim and may exercise supplemental jurisdiction over the plaintiff's state law claims. Capital One's Opp'n at 5-9; Prensky's Opp'n to Remand at 8-10. In addition, the defendants contend that the court has diversity jurisdiction over all of the plaintiff's claims. Capital One's Opp'n at 9-15; Prensky's Opp'n to Remand at 4-7.

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" from state court to federal court. 28 U.S.C. § 1441(a). The burden of establishing the district court's original jurisdiction rests upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The district courts have original jurisdiction over "all civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also id.* § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."). The district courts also have original jurisdiction over actions involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In her amended complaint, the plaintiff has asserted claims against the defendants based on RICO, a federal statute. *See* Am. Compl. ¶¶ 136-210. These claims plainly "arise under" federal law for purposes of removal. *See, e.g.*, *Leitner v. United States*, 679 F. Supp. 2d 37, 41 (D.D.C. 2010) (observing that removal under 28 U.S.C. § 1441(b) was proper based on the

plaintiff's allegation that the defendants violated various federal statutes, including RICO). Accordingly, removal of the plaintiff's RICO claims was proper based on the district court's federal question jurisdiction. *See* 28 U.S.C. §§ 1441(a)-(b).

Once a case has been removed, the district court has original jurisdiction over the plaintiff's claim under federal law, and may thus "exercise supplemental jurisdiction over accompanying state law claims so long as those claims constitute 'other claims that . . . form part of the same case or controversy.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997) (holding that the district court properly exercised federal question jurisdiction over the federal claims removed from state court, "and properly recognized that it could thus also exercise supplemental jurisdiction over [the plaintiff's] state law claims" (citing 28 U.S.C. § 1367)). Indeed, the Ninth Circuit has observed that "[i]f [a] district court exercise[s] original jurisdiction over [a] RICO claim because it 'arises under' federal law, then it would . . . also properly exercise[] its discretion to adjudicate sufficiently related state law claims pursuant to its pendent jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Here, the plaintiff does not dispute that her federal and D.C. law claims arise out of the same facts – namely, her alleged default on a 1996 loan and the defendants' subsequent efforts to foreclose on her property. *See generally* Pl.'s Mot.; Pl.'s Reply; *see also generally* Am. Compl. Accordingly, the plaintiff's federal and D.C. law claims form part of the same case or controversy, authorizing the court to exercise of supplemental jurisdiction over the plaintiff's D.C. law claims. *See* 28 U.S.C. § 1367(a).

The plaintiff asserts that even if the court has the authority to exercise supplemental jurisdiction over the plaintiff's D.C. law claims, it is not required to do so.[1] Pl.'s Mot. at 19-21; Pl.'s Reply at 25. The plaintiff urges the court not to exercise supplemental jurisdiction over these claims and to remand the entire case, including the RICO claims, to the Superior Court because her claims under D.C. law "predominate" over her RICO claims. Pl.'s Mot. at 19-21; Pl.'s Reply at 25. Alternatively, the plaintiff argues that the court should at the very least remand the D.C. law claims to the Superior Court. Pl.'s Mot. at 21.

As an initial matter, the court disagrees with the plaintiff's assessment that her state law claims "predominate." The plaintiff devotes more than seventy paragraphs of her amended complaint – nearly a third of the entire pleading – to her RICO claims. *See* Am. Compl. ¶¶ 136-210. Thus, it does not appear that the plaintiff's federal claims form such an insignificant part of the case that remand of the entire case would be appropriate. *Cf. Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1225 (M.D. Ala. 1991) (concluding that remanding the entire case was appropriate because the federal claims were "relatively insignificant" compared to the state law claims).

---

[1] The plaintiff bases her argument that the court has the discretion to remand not on 28 U.S.C. § 1367(a), which governs removal, but rather on 28 U.S.C. § 1441(c), which provides that

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, *or, in its discretion, may remand all matters in which State law predominates*.

28 U.S.C. § 1441(c) (emphasis added). Yet § 1441(c) applies only to "separate and independent" claims and does not apply to "related claims" like the ones at issue here. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354-55 & n.11 (1988). Ultimately, however, the distinction between §§ 1367(a) and 1441(c) is immaterial, "for the supplemental jurisdiction analysis at this stage is essentially the same under either statute." *McCully v. Mink*, 2009 WL 4730467, at *3 (D. Col. Dec. 9, 2009) (citing *Westinghouse Credit Corp. v. Thompson*, 987 F. 2d 682, 685 (10th Cir. 1993)).

Moreover, the plaintiff's proposals run afoul of the Circuit's pronouncement that "section 1367(a) authorizes a district court to exercise its supplemental jurisdiction in mandatory language." *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 421 (D.C. Cir. 2006) (collecting authorities); *accord, e.g.*, *McCoy v. Webster*, 47 F.3d 404, 406 n. 3 (11th Cir.1995) ("Section 1367(a) *requires* the district court to exercise supplemental jurisdiction over claims which are closely related to claims over which the district court has original jurisdiction." (emphasis added)). Given the undisputed fact that the RICO claims arise out of the same facts underlying the plaintiff's D.C. law claims, the court is required to exercise supplemental jurisdiction over her claims based on D.C. law. *See Lindsay*, 448 F.3d at 421.

In sum, 28 U.S.C. §§ 1441(a) and 1441(b) authorized the defendants to remove the plaintiff's RICO claims to this court. Furthermore, the court concludes that the exercise of supplemental jurisdiction over the plaintiff's state law claims is appropriate because these claims arise out of the same facts on which the RICO claims are premised. Accordingly, the court has subject matter jurisdiction over the plaintiff's claims.[2]

### 2. The Plaintiff Was Provided Prompt Written Notice of Removal

The plaintiff contends that the defendants failed to provide her timely written notice of removal. Pl.'s Mot. at 3-11; Pl.'s Reply at 2-12. The plaintiff maintains that she never received a copy of the notice of removal that was allegedly mailed to her by counsel for Capital One, and that Capital One has on other occasions failed to properly serve the plaintiff with documents related to this case. Pl.'s Mot. at 6-11; Pl.'s Reply at 2-12. The defendants respond that the notice of removal was mailed to the plaintiff at her residence, e-mailed to the plaintiff and sent to

---

[2] Because the court concludes that it has subject matter jurisdiction based on the existence of a federal question, it does not reach the defendants' alternative contention that the court has diversity jurisdiction.

the plaintiff through the Superior Court's electronic document filing system.[3] Capital One's Opp'n at 3, 17; Prensky's Opp'n at 4.

The federal removal statute provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties." 28 U.S.C. § 1446(d). Failure to provide timely written notice of removal to the plaintiff may result in remand. *See, e.g.*, *Rubio v. Allegheny Int'l, Inc.*, 659 F. Supp. 62, 63 (S.D. Fla. 1987). Although one district court has suggested that § 1446(d) requires actual receipt of the notice, *see Kovell v. Pa. R.R. Co.*, 129 F. Supp. 906, 909 (N.D. Ohio 1954), more recent authorities hold that a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff, *see Alston v. Sofa Express, Inc.*, 2006 WL 3331685, at *2 (S.D. Ohio Nov. 15, 2006); *Arnold v. CSX Hotels, Inc.*, 212 F. Supp. 2d 634, 637 (S.D. W.Va. 2002) (citing *L&O P'ship No. 2 v. Aetna Casualty & Surety Co.*, 761 F. Supp. 549 (N.D. Ill. 1991)); *see also Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 248 (S.D.N.Y. 2000) (concluding that remand was not appropriate based on the defendant's alleged failure to provide timely notice of removal because "the delay was relatively short and no action was taken by the state court between the time of actual removal and the time of the requisite notice" such that "the alleged defect [was] harmless and, not being jurisdictional, creates no basis for remand").

In this case, Capital One filed the notice of removal on June 17, 2010. *See generally* Notice of Removal. The certificate of service accompanying the notice stated that the notice had been mailed to the plaintiff at a specified address in Northwest Washington D.C. *Id.*, Certificate

---

[3] Prensky also argues that the plaintiff waived any objection to defects in the notice of removal. Prensky's Opp'n at 7-8. The court does not reach this issue because, as discussed below, it concludes that the notice of removal was not procedurally defective.

7

of Service. The defendants have submitted a copy of a D.C. government property record indicating that that address corresponds with a property owned by the plaintiff. Prensky's Opp'n, Ex.12. Indeed, the plaintiff does not dispute that she resides at that address. *See generally* Pl.'s Mot.; Pl.'s Reply.

Instead, the plaintiff contends that the certificate of service cannot be credited because Capital One has improperly attempted to serve other filings on the plaintiff through this court's Electronic Case Filing system ("ECF"), to which the *pro se* plaintiff does not have access. Pl.'s Mot. at 8-9; Pl.'s Reply at 11. Yet the certificates of service that accompanied those other filings stated accurately that the defendants were attempting, albeit improperly, *see* LCvR 5.4, to serve the plaintiff through ECF. Pl.'s Mot., Exs. A-C. By contrast, the certificate of service that accompanied the notice of removal specifically stated that the document had been mailed to the plaintiff at the specified address. Notice of Removal, Certificate of Service. Thus, even if those subsequent certificates of service indicate that certain filings were not properly served on the plaintiff, they do not call into question the accuracy of the certificates of service.

The evidence also indicates that Capital One provided the plaintiff a written copy of the notice of removal when it served her with a copy of the certificate of removal filed in the Superior Court. Capital One's Opp'n at 3. Specifically, on June 18, 2010, Capital One filed a certificate of removal in the Superior Court, attaching the notice of removal and the exhibits thereto. *See generally id.*, Ex. A. The certificate of removal was, in turn, served on the plaintiff through the Superior Court's electronic filing system. *Id.*, Ex. B (Proof of Service); *see also* D.C. SUPER. CT. CIV. R. 5(b)(2)(D) (authorizing the electronic service of documents and specifying that "[s]ervice by electronic means is complete on transmission"). Although the plaintiff complains that such "electronic service" does not constitute written notice, Pl.'s Reply

at 4, it is clear that formal service of a document in a manner prescribed by the Rules of the D.C. Superior Court satisfies the written notice requirement.[4] *Cf. Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1202 (S.D. Cal. 2009) ("Section 1446(d) does not require 'formal' or 'personal' service of a notice of removal upon a plaintiff; it merely requires 'written notice.'").

Furthermore, on June 18, 2010, counsel for Capital One e-mailed a copy of the notice of removal to the plaintiff. Capital One's Opp'n at 3, Ex. D. Although the plaintiff asserts that she did not receive a copy of the notice of removal through e-mail, just as she did not receive it through the Superior Court's electronic filing system or in the mail, she does not dispute that the e-mail address to which counsel sent the notice of removal was accurate. *See generally* Pl.'s Reply. In light of these various documented attempts to provide the plaintiff with notice of removal, it is clear that the defendants made a good faith effort to provide prompt written notice of removal to the plaintiff. *See Titan Finishes Corp. v. Spectrum Sales Grp.*, 452 F. Supp. 2d 692, 695-96 (E.D. Mich. 2006) (holding that the defendants complied with § 1446(d) by sending the plaintiff an e-mail and voice mail messages advising the plaintiff of the defendants' removal of the action and subsequently providing the plaintiff written notice of removal).

It is equally clear that even if the plaintiff did not actually receive notice in any of these ways, she has not been prejudiced as a result. *See Calderon*, 101 F. Supp. 2d at 248. Within the thirty-day deadline for objecting to removal, *see* 28 U.S.C. § 1447, the plaintiff filed a lengthy motion to remand the action to the Superior Court, *see generally* Pl.'s Mot. Although the

---

[4] D.C. Superior Court Rule 5(b)(3) provides that service by electronic means "is not effective if the party making service learns that the attempted service did not reach the person to be served." The plaintiff asserts that because she did not receive the electronic transmission of the certificate of removal, service was not effective. Pl.'s Reply at 4 n.12. There is, however, no evidence that Capital One learned that the attempt at electronic service did not reach the plaintiff. *See generally* Pl.'s Mot.; Pl.'s Reply.

plaintiff complains that her failure to receive notice from the defendants impinged on her time to challenge the removal, an issue exacerbated by the fact that she is a *pro se* litigant, Pl.'s Mot. at 11, the comprehensiveness and level of detail of the plaintiff's motion belie such an assertion.

In sum, the defendants have established that they made a good faith effort to provide prompt written notice of removal to the plaintiff. Furthermore, even if these attempts did not result in actual receipt of notice by the plaintiff, it is clear that the plaintiff was not prejudiced as a result. Accordingly, the court concludes that the defendants satisfied the notice requirement set forth § 1441(d).

### 3. Prensky Unambiguously Expressed His Consent to Removal

The plaintiff also argues that the removal was procedurally invalid because defendant Prensky did not unambiguously express his consent to the removal of this action. Pl.'s Mot. at 12-13; Pl.'s Reply at 13. The plaintiff contends that although the notice of removal states that Prensky consented to removal, the notice was filed only by Capital One and Prensky did not independently file a separate document expressing his consent. Pl.'s Mot. at 12-13; Pl.'s Reply at 13. The defendants respond that Prensky unambiguously expressed his consent to removal by signing the notice of removal filed by Capital One. Capital One's Opp'n at 17-18; Prensky's Opp'n at 3-4.

In a multi-defendant case, removal requires the unanimous consent of all defendants served with the complaint. *See Emrich*, 846 F.2d at 1193 n. 1 (noting that "[o]rdinarily . . . all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties"); *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (observing that "it is well established that removal generally requires unanimity among the defendants" (quoting *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995))).

In this case, the notice of removal filed by Capital One clearly stated that Prensky consented to removal. Notice of Removal at 3. Moreover, Prensky signed the notice prior to submission. *Id.* at 6. By so doing, Prensky clearly and unambiguously expressed his consent to removal. *See Pritchett v. Cottrell*, 512 F.3d 1057, 1062 (8th Cir. 2008) (concluding that a signed written consent attached to another defendant's notice of removal was sufficient to satisfy the unanimity rule); *see also Harper v. AutoAlliance*, 392 F.3d 195, 201-02 (6th Cir. 2004) (holding that a statement of an individual defendant's concurrence in another defendant's notice of removal satisfied the unanimity rule). Accordingly, the court determines that the defendants unanimously and unambiguously consented to the removal of this matter.

### B. The Court Denies Without Prejudice the Plaintiff's Motion to Join an Additional Defendant

The plaintiff has also filed a motion to join Chasen & Chasen, the law firm with which Prensky is associated, as an additional defendant in this action. Pl.'s Mot. at 17-19. The plaintiff asserts that she "will claim that Chasen & Chasen failed to adequately supervise Prensky, failed to train and monitor Prensky and its other employees properly with respect to D.C. law, and that Chasen & Chasen failed to take reasonable actions to prevent Prensky from engaging in the wrongful acts in the complaint." *Id.* at 18. The defendants contend that the plaintiffs' motion is procedurally improper because none of the allegations that the plaintiff intends to assert against Chasen & Chasen are included in the operative complaint and because the plaintiff has failed to file a proposed amended complaint with her motion, as required by Local Civil Rule 7(i) and 15.1. Capital One's Opp'n at 18-19; *see generally* Prensky's Opp'n to Joinder.

Federal Rule of Civil Procedure 20 provides that

11

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a). Whether particular circumstances warrant joinder is a matter left to the court's discretion. *Carabillo v. ULLICO, Inc.*, 357 F. Supp. 2d 249, 255 (D.D.C. 2004) (citing *Am. Directory Serv. Agency, Inc. v. Beam*, 1988 WL 33502, at *3 (D.D.C. Mar. 28, 1988)).

In this case, although the plaintiff represents that she intends to assert certain claims against Chasen & Chasen, *see* Pl.'s Mot. at 18, the operative complaint does not contain any allegations supporting claims against that proposed defendant, *see generally* Am. Compl. Accordingly, because no right to relief has been asserted against Chasen & Chasen in the operative complaint, joinder would be improper at this time. *See* FED. R. CIV. P. 20(a); *see also Common Cause v. Fed. Election Comm'n*, 82 F.R.D. 59, 61 (D.D.C. 1979) ("Rule 20 requires as a precondition to joinder that a right to relief be asserted against the party to be joined.").

Although the court might otherwise construe the plaintiff's motion as one for leave to amend the complaint, the plaintiff has not attached to her motion a proposed amended complaint as required under the Local Civil Rules. *See* LCvR 7(i) ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."); *accord* LCvR 15.1. Therefore, the court declines to construe the plaintiff's motion as one for leave to

amend and denies without prejudice her motion to join Chasen & Chasen as a defendant in this action.[5]

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to remand and denies without prejudice the plaintiff's motion to join an additional defendant. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of January, 2011.

RICARDO M. URBINA
United States District Judge

---

[5] Although in her reply, the plaintiff requests that the court defer ruling on the motion to join an additional defendant, Pl.'s Reply at 25, deferral would be futile given the procedural defects in the motion. Denial of the motion without prejudice provides the plaintiff the opportunity to remedy those defects.