## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WANDA BUSBY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:    10-1025 (RMU) |
| | : | |
| v. | : | Re Document No.:   42 |
| | : | |
| CAPITAL ONE, N.A. *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION TO REMAND; GRANTING THE PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

## I.  INTRODUCTION

This matter is before the court on the *pro se* plaintiff's motion to remand, or, in the alternative, for voluntary dismissal of her claim.  The plaintiff initially alleged a variety of statutory and common law claims against the defendants in connection with a promissory note and deed of trust that was executed by the plaintiff in 1996.  Earlier this year, the court dismissed all but one of the plaintiff's claims.  The plaintiff now moves to remand or, in the alternative, to voluntarily dismiss her remaining claim without prejudice.  Because the court has subject-matter jurisdiction over the plaintiff's remaining claim, the court denies the plaintiff's motion to remand.  Because the defendants would not be prejudiced by voluntary dismissal, however, the court grants the plaintiff's motion to voluntarily dismiss her claim without prejudice.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff commenced this action in May 2010 in the Superior Court of the District of Columbia.  *See generally* Compl.  She alleges that Capital One, N.A. ("Capital One") and an attorney, David Prensky ("Prensky") engaged in tortious conduct in connection with a

promissory note and deed of trust that was executed by the plaintiff in 1996.  *See generally id.*

In her original complaint, the plaintiff asserted a variety of causes of action against the

defendants under District of Columbia law, including fraud, breach of fiduciary duty and

conversion.  Notice of Removal ¶ 1.

On June 9, 2010, the plaintiff amended her complaint to include additional claims under

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*

*See generally* Am. Compl.; Notice of Removal ¶ 4.  On June 17, 2010, the defendants filed a

notice of removal in this court, asserting that the district court has subject-matter jurisdiction

based on the presence of a federal question, the diversity of the parties and the amount in

controversy.  *See* Notice of Removal ¶¶ 10-12.

In July 2010, the plaintiff moved to remand this case to the Superior Court and for

joinder of Chasen & Chasen, the law firm with which Prensky is associated, as a defendant in

this action.  *See generally* Pl.'s Mot. to Remand ("Pl.'s Mot.").  This court denied both motions

in a January 2011 Memorandum Opinion.  *See generally* Mem. Op. (Jan. 6, 2011).  Soon

thereafter, defendant Capital One moved to dismiss all of the claims against it, and defendant

Prensky moved to dismiss all but one of the claims against him.  The court granted both motions

in March 2011.  *See generally* Mem. Op. (Mar. 28, 2011).  Following the court's March 2011

decision, the only remaining claim in this action is the plaintiff's breach of fiduciary duty claim

against defendant Prensky.

The plaintiff filed an appeal, which the Circuit summarily rejected as premature.  *See*

*generally Busby v. Capitol One, N.A.*, Case No. 11-7035 (D.C. Cir. Sep. 19, 2011), Order.  In

September 2011, the plaintiff filed a renewed motion for remand or, in the alternative, for

voluntary dismissal.  *See generally* Pl.'s Mot.  With the plaintiff's motion now ripe for

adjudication, the court turns to the parties' arguments and the relevant legal standards.

## III.  ANALYSIS

### A.  The Court Denies the Plaintiff's Motion to Remand

#### 1.  Legal Standard for Remand

Federal courts are courts of limited jurisdiction and, therefore, the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  According to the removal statute, a defendant may properly remove to federal court an action brought in a state court when original subject-matter jurisdiction exists in the form of diversity.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $75,000.00 per plaintiff, exclusive of interest and costs.  28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Courts must strictly construe removal statutes.  *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)).  The court must resolve any ambiguities concerning the propriety of removal in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).  When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction.  *Kokkonen*, 511 U.S. at 377; *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985).

If a defect in removal procedures or lack of subject-matter jurisdiction becomes apparent

at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case. 28 U.S.C. § 1447(c). A plaintiff might waive the right to a remand on the basis of procedural defects by supplementing a complaint, litigating a summary judgment motion, or proceeding in a trial. *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996); *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987). In contrast, merely engaging in offensive or defensive litigation (such as limited discovery) especially when the plaintiff has already filed a motion for remand, does not forfeit the right to a remand. *Medlin*, 113 F.R.D. at 652-55. In the event that the federal court lacks subject-matter jurisdiction, remand is mandatory. *Republic of Venez. v. Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *Johnson-Brown v. 2200 M St. LLC,* 257 F. Supp. 2d 175, 177-78 (D.D.C. 2003).

### 2. The Plaintiff Has Waived Her Right to Seek Remand on the Basis of Procedural Defects in the Defendants' Notice of Removal

The plaintiff argues that the court should remand her action to Superior Court because the defendants' notice of default was procedurally defective. Pl.'s Mot. at 7-8. Specifically, the plaintiff claims that the defendants' notice of removal does not explicitly allege that the amount in controversy exceeds $75,000. *Id.* The defendants respond by arguing that the plaintiff has waived any procedural challenges to removal by actively litigating in this court. Defs.' Opp'n at 5.

A plaintiff may waive her objections to any procedural defect in removal by affirmatively litigating in federal court. *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996); *Ficken v. Golden*, 696 F. Supp. 2d 21, 26-27 (D.D.C. 2010); *Moffit v. Balt. Am. Mort.*, 665 F. Supp. 2d 515, 517 (D. Md. 2009). Here, the plaintiff has litigated her claim in this court for well

over a year.  The plaintiff has filed several motions, submitted oppositions to the defendants'

motions and pursued an appeal.  These acts are sufficient to constitute a waiver of any objections

to procedural defects in the removal process.  *See, e.g.*, *Riggs v. Plaid Pantries, Inc*., 233 F.

Supp. 2d 1260, 1271 (D. Or. 2001) (concluding that the plaintiffs had waived any procedural

objections to remand by filing motions in federal court); *see also Dukes v. S.C. Ins. Co.*, 770 F.2d

545, 547-48 (5th Cir. 1985) (collecting cases).

     It is important to note that the plaintiff has waived only her objection to the *procedural*

defects in the defendants' notice of removal; objections that are based on a court's lack of

subject-matter jurisdiction may not be forfeited or waived by any party.  *Arbaugh v. Y & H.

Corp.*, 546 U.S. 500, 514 (2006).  Accordingly, the court turns to the plaintiff's assertion that the

court lacks subject-matter jurisdiction to adjudicate the plaintiff's remaining claim.


### 3.  Diversity Jurisdiction Exists Over the Plaintiff's Remaining Claim

     The plaintiff argues that the court lacks subject-matter jurisdiction because the defendants

have not shown that the prerequisites to diversity jurisdiction have been satisfied.  Pl.'s Mot. at

8-9.  The plaintiff does not contest the fact that the parties are diverse; instead, she argues that

her case does not meet the amount-in-controversy requirement.  *Id.*  The defendants retort that

the amount-in-controversy requirement is satisfied because the plaintiff seeks rescission of a

$207,000 Note and Mortgage.  Defs.' Opp'n at 3-5.

     A federal district court has subject-matter jurisdiction over a suit when the amount in

controversy exceeds $75,000 and the parties are diverse in citizenship.  28 U.S.C. § 1332(a);

*DeBerry v. First Gov't Mortg. & Investors Corp*., 170 F.3d 1105, 1106 n.1 (D.C. Cir. 1999).  If a

complaint fails to specify the amount in controversy, a court may independently determine

whether that amount meets jurisdictional requirements. *Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 62 (D.D.C. 2011). The court may base its determination on the allegations contained within the complaint and the facts that are subsequently developed in the record. *See e.g.*, *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). To justify dismissal on jurisdictional grounds, it must appear to a legal certainty that the amount in controversy requirement has not been met. *Hartigh v. Latin*, 485 F.2d 1068, 1071 (D.C. Cir. 1973).

In cases in which the plaintiff seeks to rescind a loan or prevent foreclosure, the amount in controversy is equal to the amount of the loan. *Davis v. World Savings Bank, FSB*, 2011 WL 3796170, at *3 (D.D.C. Aug. 29, 2011); *see also Hancock v. HomEq Servicing Corp.*, 526 F.3d 785, 785 n.2 (D.C. Cir. 2008); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010). Here, the plaintiff seeks rescission of the transaction underlying her $207,000 Note and Mortgage, and she asks the court to "permanently enjoin Defendants . . . from foreclosing on the Note." Am. Compl. at 11. The plaintiff's complaint includes an attached copy of the Deed of Trust, which confirms that the plaintiff's original Note evidenced a debt of $207,000. *See* Am. Compl., Ex. B. (Deed of Trust). Because the plaintiff's complaint and the materials attached thereto make clear that the plaintiff's action challenges a legal instrument valued at $207,000, the court concludes that the amount-in-controversy requirement is satisfied and subject-matter jurisdiction exists. Accordingly, the court denies the plaintiff's motion to remand.

**B.  The Court Grants the Plaintiff's Motion to Voluntarily Dismiss Its Remaining Claim Without Prejudice**

**1.  Legal Standard to Dismiss Under Rule 41(a)**

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action.  FED. R. CIV. P. 41(a)(1).  Under Rule 41(a)(1), a plaintiff may dismiss a civil action without an order of the court by filing a notice of dismissal before the adverse party files an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties.  *Id.*; *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003).  Otherwise, under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  FED. R. CIV. P. 41(a)(2); *Taragan v. Eli Lilly & Co., Inc.*, 838 F.2d 1337, 1339 (D.C. Cir. 1988).  Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage."  *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986); *see also* 9 FED. PRAC. & PROC. 2d § 2364.  A court applying Rule 41(a)(2) therefore must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant.  *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).

### 2.  The Court Grants the Plaintiff's Motion to Voluntarily Dismiss Her Remaining Claim Under Rule 41(a)

The plaintiff seeks voluntary dismissal of her claim without prejudice, arguing that doing so would not cause the defendants any legal harm.  *See* Pl.'s Mot. at 4.  The defendants counter that the plaintiff's motion was not filed in good faith.  Defs.' Opp'n at 1.  In addition, the defendants argue that voluntary dismissal would cause the defendants legal prejudice because their litigation efforts would have been wasted, and because the defendants face the prospect of litigating a similar suit in the near future.  *Id.*

First, the evidence suggests that the plaintiff's motion was filed in good faith.  The plaintiff's motion was filed as a timely reaction to an order from this court which dismissed the majority of her claims.  *Cf. In re Vitamins*, 198 F.R.D. at 304 (indicating that good faith is "highly questionable" when there are no new circumstances or changes in the litigation to necessitate voluntary dismissal).  The defendants suggest that the plaintiff has acted in bad faith by filing a nearly identical lawsuit in Superior Court.  Defs.' Opp'n at 3.  The defendants also claim that this second lawsuit is meritless.  *Id.*  The mere fact that the plaintiff may be pursuing her claims in a separate forum is not indicative of bad faith, however.  *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 37 (D.D.C. 2004).  If anything, the second lawsuit weighs in favor of dismissal because court should not be required to "maintain two separate actions and thereby squander limited judicial resources."  *Conafay*, 793 F.2d at 353.  Accordingly, the court concludes that the plaintiff's actions are not indicative of bad faith.

Second, the defendants claim that the prospect of this second lawsuit will cause them legal prejudice.  Defs.' Opp'n at 1.  It is beyond cavil, however, that the prospect of a second lawsuit does not constitute legal prejudice under Rule 41(a).  *See, e.g.*, *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (holding that a voluntary dismissal should be granted

"unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit"); *Jones v. Sec. Exch. Comm'n*, 298 U.S. 1, 19 (1936) (holding that a complainant should be granted the right to dismiss a claim unless it would "prejudice the defendants *in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind*") (emphasis added); *Conafay*, 793 F.2d at 353 (D.C. Cir. 1986) ("[W]e simply observe that dismissals have generally been granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.").

Third, the defendants oppose the plaintiff's motion on the basis that the plaintiff has engendered an excessive delay in her prosecution of this case. Defs.' Opp'n at 1-2. It is true that the plaintiff delayed the litigation somewhat by filing an untimely appeal. In light of the fact that the plaintiff is proceeding *pro se*, however, the plaintiff must be afforded some leeway when navigating the Federal Rules of Civil Procedure. *See Robinson v. England*, 216 F.R.D. 17, 18 (D.D.C. 2003). Given the nuances of the rules governing interlocutory appeals, the court cannot conclude that this single delay is so great as to require denial of her Rule 41(a) motion. *See Hisler*, 344 F. Supp. 2d at 38 (concluding that there was no excessive delay even when the plaintiff's behavior was "far from praiseworthy," as long as the plaintiff complied with orders and her motions were generally timely filed).

Fourth, the plaintiff's motion comes at a relatively early stage of the litigation. As the plaintiff notes, no discovery has taken place in this case. Pl.'s Mot. at 8-9. In addition, the parties have not engaged in pre-trial conferences, and it is highly unlikely that the defendants have engaged in any trial preparation efforts. *See Conafay*, 793 F.2d at 352 (noting that appellants filed their motion to dismiss at a "relatively early stage of the litigation," namely "three months before the District Court's deadline for completion of discovery"); *cf. Pace v. S.*

*Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969) ("The defendant's objections to plaintiff's motion to dismiss disclosed that the case had already been pending for one and one-half years, that considerable discovery had been undertaken at substantial cost to the defendant, and that defendant had already briefed its motion for summary judgment.").

In sum, the court concludes that the relevant factors to be considered under Rule 41(a) weigh towards dismissal of the plaintiff's remaining claim without prejudice. Accordingly, the court grants the plaintiff's motion and dismisses her case without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion to remand and grants the plaintiff's alternative motion to voluntarily dismiss its remaining claims without prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 20th day of January, 2012.

RICARDO M. URBINA
United States District Judge